HENRY McNICHOLS, Appellant, v. MANDEL FRY, Respondent.

St. Louis Court of Appeals, April 9, 1895.

1. **Chattel Mortgages**: SUFFICIENCY OF DESCRIPTION OF PROPERTY. The description of the incumbered property in a chattel mortgage is sufficient, if, with the aid of such inquiries as the mortgage itself suggests, it will enable third persons to identify the property.

2. ————: EFFECT OF REMOVAL OF PROPERTY. The removal of personal property, which has been mortgaged, to a different locality will not affect the validity of the mortgage, unless it has taken place by the fraudulent connivance of the mortgagor and mortgagee.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*J. R. Myres* for appellant.

The furniture and effects mentioned in appellant's chattel mortgage were sufficiently described to charge a third person purchasing the same with notice of the mortgage thereon. *Vette v. Leonori*, 42 Mo. App. 225; *Jennings v. Sparkman*, 39 Mo. App. 670; *Stonebraker v. Ford*, 81 Mo. 532; *Hughes v. Menefee*, 29 Mo. App. 204; *Sparks v. Brown*, 46 Mo. App. 536; Jones on Chattel Mortgages, secs. 53, 54; *City Bank v. Rotkey*, 79 Iowa, 215; *State ex rel. v. Cabanne*, 14 Mo. App. 294.

*Martin, Bass & Carr* for respondent.

Although there is enough on the face of the mortgage to so identify and locate the property described as to render it *prima facie* good, yet the mortgage may be shown to be void for uncertainty in fact. *Lafayette Co. Bank v. Metcalf*, 29 Mo. App. 384. And, where the property is shown to have been removed from the premises described in the mortgage, the description, excluding the statement of the house in which the articles were situated at the time of the mortgage, must be otherwise sufficiently definite. *State ex rel. v. Cabanne*, 14 Mo. App. 294.

BIGGS, J.—The plaintiff is engaged in the furniture business in the city of St. Louis. On the twelfth day

of December, 1890, he sold to John McQuan a bill of household furniture amounting to between $300 and $400. The goods were sold partly for cash, and the balance, to wit, $169, was to be paid in monthly installments of $15, payable on the twelfth day of each month thereafter, commencing on the twelfth day of January, 1891. McQuan executed his note to that effect, and, to secure it, he gave a chattel mortgage on his goods, which was duly recorded on the following day. The mortgage recited that the goods were then at the plaintiff's place of business, but were to be removed to house number 2733 Madison street, in the city of St. Louis, where McQuan then lived. The property was further described as "1 bed room suit, 1 glass safe, 6 B. B. chairs, 6, No. 95, C. S. chairs, 1 rocker, 1 K. table, 1 oak table, 1 mattress, 1 child's bed, 1 mattress, 1 pr. feather pillows, 1 pr. sham pillows, 1 wardrobe, 1 favorite spring, 2 pr. lace curtains, 2 wal. poles, 4 shades, 15 yds. oil cloth, 27 1-2 yds. bru. cpt., S. L. & P.; 29 yds. do., 1 rug, 1 center table, 1 rocker, 1 bed lounge, 1 comfort, 1 comfort, 1 blanket, 1 stove (complete), pipe for do, 1 zinc, 1 lamp, 1 wash tub, 1 wash tub, 1 coal hod, 1 toilet set, 1 wagon."

The mortgage provided that McQuan should remain in possession of the property until default should be made in the payment of the debt, or some part thereof, unless he should sell or remove the property or some portion thereof. Should either of these contingencies happen, then the plaintiff was authorized to take possession of the property and sell it to satisfy his debt.

McQuan made default on the first installment. The plaintiff, however, allowed him to retain possession of the goods. Thereafter he made several payments on the notes, aggregating $55. The last payment was made August 20, 1892.

The plaintiff claims that in November, 1892, McQuan's wife sold the greater portion of the mortgaged property to the defendant, and that he converted it to his own use. The present action was instituted to recover the value of the goods. The plaintiff recovered a judgment before the justice. The defendant appealed to the circuit court, where, on a trial *de novo*, the plaintiff was compelled, under the adverse rulings of the court, to submit to a nonsuit. The court having refused to set the nonsuit aside, the plaintiff has appealed to this court.

The plaintiff introduced the wife of McQuan as a witness, who testified that she sold the greater portion of the goods covered by the plaintiff's mortgage to the defendant, for which he paid her the sum of $23; that she made the sale for the purpose of getting bread for her children; that the sale was made without the knowledge of her husband, and that the defendant asked no questions about the title or her right to sell. It appeared further, from the testimony, that, prior to the sale of the goods to the defendant, McQuan had removed from 2733 Madison street to the corner of Twenty-second and Biddle streets, and from there to 2104 Franklin avenue, and that he had taken the furniture with him.

The plaintiff then offered the chattel mortgage and note in evidence, which the court excluded for insufficiency in the description of the goods in the mortgage. After offers to further establish the conversion of the goods and their value, the plaintiff submitted to an involuntary nonsuit.

The original description of the goods was undoubtedly sufficient. The goods are described in the only way possible, and to this is added their location at that time. The rule is that a description which enables third persons, by the aid of inquiries which the mortgage

itself suggests, to identify the property, is sufficient. It is obvious, therefore, that the description we have here falls within the rule.

The lien of plaintiff's mortgage having attached in the first instance, it is well settled that the subsequent removal of the mortgaged property from the premises would in no wise affect or destroy it, unless done by the fraudulent connivance of the mortgagor and mortgagee. *Bevans v. Bolton*, 31 Mo. 437; *Feurt v. Rowell*, 62 Mo. 524; *State ex rel. v. Cabanne*, 14 Mo. App. 294; *Wheeldon v. Wilson*, 44 Me. 11.

The law on the subject is thus stated by Mr. Jones in his work on chattel mortgages, viz: "The removal of a mortgagor from the town or county in which he resided when the mortgage was executed, and where it was duly recorded, and the taking of the mortgaged property with him, does not invalidate the record of the mortgage, or necessitate the recording of it again in the town or county to which he has removed. The object in requiring a record of the mortgage is to give publicity to it, and to provide a source of information common to all persons, so that they may determine, with some degree of facility, convenience and certainty, the question of title to the property, whenever they may be interested to know it; while at the same time it is not among the purposes of the recording acts to subject a *bona fide* mortgagee to the inconvenience of the constant vigilance and ceaseless watching which would be requisite to guard and secure his interests, if he were obliged to record his mortgage in every town into which the mortgagor might see fit to remove with the property. If he were required to do this, his security would well nigh be worthless; for, before he could do this, a creditor of the mortgagor might seize the property by process of law, or the mortgagor himself might pass the

title to it by way of sale to an innocent purchaser." Jones on Chattel Mortgages, section 260.

We, therefore, conclude that the circuit court committed error in the rulings complained of. The mortgage was of record, and it furnished to the defendant information that one John McQuan had pledged his household furniture to secure the plaintiff's debt, and that at the date of the mortgage he lived at 2733 Madison avenue. Inquiries in that neighborhood would have established the additional facts that the person from whom the defendant was about to purchase the goods was the same person who formerly lived at 2733 Madison street, and that the goods which he purchased were a portion of the goods covered by the plaintiff's mortgage.

With the concurrence of the other judges, the judgment of the circuit court will be reversed, and the cause remanded.