## CHARLES M. WILLIAMS, Respondent, v. W. W. KIMBALL COMPANY, Appellant.

### Kansas City Court of Appeals, May 3, 1915.

1. **CHATTEL MORTGAGES: Personal Property: Priority.** This action was instituted in equity by the plaintiff, a mortgagee of eight pianos, against defendant, also a mortgagee in possession of the pianos, to have its lien adjudged and enforced as superior to that of defendant's. The plaintiff at the time he sold the college to third party, took a mortgage on all the property in the college to secure a part of the purchase price. The defendant afterwards delivered the eight new pianos in exchange for the old ones and took a mortgage back to secure the unpaid purchase price. The purchaser of the college went into bankruptcy after the college burned down, and the trustee turned the pianos over to the defendant. *Held* that defendant had constructive notice of plaintiff's lien and having consented as it did to the transfer of that lien to the substituted pianos and induced the plaintiff thereby to acquiesce in the surrender of the old pianos, discharged of the lien, is in no position to repudiate the right it thus positively asserted plaintiff should have.

2. ———: ———: ———. A chattel mortgage of future acquired property is not void, but has the effect of creating an equitable lien on the property when acquired by the mortgagor.

3. ———: ———: ———. A chattel mortgage which allows the mortgagor to remain in possession of the property and sell the same is not invalid, provided the proceeds of the sale are to be applied and are applied to the payment of the secured debt. Authority granted the mortgagor to sell the property and authority to exchange for like property are not the same, but if the former may be granted without rendering the mortgage void, *a fortiori* may the latter since the former would hazard the security much more than the latter.

4. ———: ———: ———. Where one received a benefit under an instrument, he is *held* to have adopted the entire instrument and to have renounced every right inconsistent therewith.

Appeal from Clay Circuit Court.—*Hon. Frank P. Divelbiss*, Judge.

AFFIRMED.

*Fyke & Snider* for appellant.

*Martin E. Lawson* for respondent.

JOHNSON, J.—This is an action in equity by a mortgagee of personal property against another mortgagee in possession of the property to have the lien of his mortgage adjudged and enforced as superior to defendant's lien. The answer admits that defendant is in possession of the property and denies the other allegations of the petition.

The court, after hearing the evidence, adjudged that plaintiff is entitled to the possession of the property "for the purpose of enforcing . . . the lien of its chattel mortgage upon which there is now due a balance of twelve thousand dollars; that defendant ·turn over said pianos to the possession of plaintiff and . . . that a writ of restitution for said pianos and execution· for costs issue hereon accordingly.'' In other words the lien of plaintiff was pronounced superior to that of defendant.

The case was tried upon an agreed statement of facts. The subject of the controversy is the right to the possession· of eight pianos which were sold and delivered by defendant, a dealer in pianos in Kansas City, to Humphrey H. Savage who, at the time of the sale, was the proprietor of the "Liberty Ladies College'' in Clay county. In partial payment of the purchase price of these new pianos, defendant had accepted from Savage at an agreed valuation eight old pianos which had been in use in the college and for the remainder of the purchase price accepted the notes of Savage, secured by a chattel mortgage on the new pianos. By mistake of defendant this mortgage was filed in Jackson county instead of Clay county, but this fact has no bearing upon the issues we are called upon to determine.

Before this transaction by which Savage was enabled to replace eight old pianos in his college with eight new ones, he had executed and delivered a chat-

tel mortgage to plaintiff which the latter contends was a valid lien upon the eight old pianos. Plaintiff had been the owner and proprietor of the college and had sold and conveyed all the real and personal property belonging to it to Savage for $50,000, subject to a mortgage on the real estate for $14,000, the amount of which was credited on the purchase price. In payment of the remainder of $36,000, Savage had executed and delivered his promissory notes to plaintiff, secured by a second mortgage on the real estate and a first chattel mortgage on all the personal property included in the sale. The mortgage described the property as "all pianos, organs, furniture, fixtures, furnishings, desks, carpets, library, pictures, apparatus, dining room and kitchen furniture tables, chairs, ranges, tools and all other personal property of every kind, nature and description in the building known as Liberty Ladies College, located at Liberty, Clay county, Mo., which is not the personal property of the wife of said Humphrey H. Savage, or of the students and teachers in said school, it being the intention to convey in this mortgage all personal property acquired this day by deed from Charles M. Williams and wife."

This mortgage was duly filed in Clay county long before the purchase and installation in the college of the eight new pianos procured from defendant. The eight old pianos given in exchange for the new were a part of the personal property included in the sale of the college.

The mortgage to plaintiff provided that the mortgagor "shall keep the said personal property . . . in as good condition, at least, as it is in at the time of the execution of this mortgage . . . that no property contained in this mortgage can be sold by the mortgagor but such property may be traded in for new property of like character and higher value for the purpose of keeping up the standard of the personal property to its present grade and if such exchange is

made this chattel mortgage shall instantly apply to
the new property thus secured . . . that this
chattel mortgage shall apply to all new furniture, pi-
anos, organs and other personal property of like char-
acter as that contained in this mortgage, if purchased
by the said savage and placed in the building aforesaid
or other buildings erected on said grounds above
described for college purposes.'' After the installa-
tion of the new pianos the college buildings were
destroyed by fire but these pianos were saved. The
troubles of Savage seem not to have come in single
files but in battalions. He was adjudged a bankrupt
and the pianos passed into the possession of the trustee
in bankruptcy. It appears the trustee conceded that
either plaintiff or defendant was entitled to take them
as mortgagee and turned them over to defendant pur-
suant to an agreement of the rival mortgagees that
defendant should receive them merely for safe keeping
and without prejudice to any right of plaintiff.

The provision in the mortgage to plaintiff requir-
ing the mortgagor to maintain the property in a con-
dition that would not allow it to decrease in value and
to that end granting permission to him to make
exchanges of deteriorating articles for new and more
valuable ones of like kind on condition that the lien
of the mortgage would pass at once from the old to
the new was an agreement the parties lawfully could
make and, therefore, one the law will enforce between
them and since defendant entered into a transaction
with the mortgagor for such exchange with constructive
notice of plaintiff's lien upon the old pianos it received
from the mortgagor and of the terms and conditions
of plaintiff's lien to the new pianos on their substitu-
tion for the old. The rule is well settled that a chattel
mortgage of future acquired property is not void but
has the effect of creating an equitable lien on the prop-
erty when acquired by the mortgagor. [Shoe Co. v.
Wilson, 63 Mo. App. 326, and cases cited; Barton v,

Sitlington, 128 Mo. 164; Petring v. Chrisler, 90 Mo. 649.]

A chattel mortgage which allows the mortgagor to remain in possession of the property and sell the same is not invalid, provided the proceeds of the sale are to be applied and are applied to the payment of the secured debt. [Embree v. Roney, 152 Mo. App. 262; Pritchard v. Hooker, 114 Mo. App. 605; Fleisher v. Hinde, 122 Mo. App. 218.] Authority granted the mortgagor to sell the property and authority to exchange for like property are not the same, but if the former may be granted without rendering the mortgage void, *a fortiori* may the latter since, as is said in Cooper v. McKee, 89 S. W. 203 (Ky.), "the former would hazard the security much more than the latter."

Having constructive notice of plaintiff's lien at the time of the sale and exchange, defendant is in the position it would be in if it had said to Savage "I know plaintiff has a mortgage on the old pianos you are offering to exchange, by the terms of which you are given authority to exchange them only upon condition that you receive new pianos of greater value in return to which his lien will attach, and I am willing to make an exchange upon these conditions." And plaintiff is in the position of having acted upon that assurance which was made, in part, for his benefit, by accepting the substituted pianos and, in effect, releasing his lien upon those exchanged for them. We have here all the elements of estoppel *in pais.* [11 Am. & Eng. Ency. of Law (2 Ed.), 387.]

In accepting the old pianos with plaintiff's lien upon them discharged—a benefit exclusively derived from the terms and conditions of plaintiff's mortgage —defendant received the benefit *cum onere,* under the rule that where one receives a benefit under an instrument he is held to have adopted the entire instrument and to have renounced every right inconsistent therewith. [Matter of Peaslee, 73 Hun. (N. Y.), 113.] But

it is argued by defendant that none of these rules has application to the present case for the reason that the description of the old pianos in the mortgage is so indefinite as to render the mortgage void and, consequently, that defendant could deal with Savage with respect to the property as though it were unincumbered. Of course if the mortgage were void on the ground of uncertainty in the description it could impart no constructive notice and defendant could not be held to have derived any benefit from it.

In a contest between the mortgagee of personal property and the creditors of, or a purchaser from, the mortgagor, the rule as to description in the mortgage is that the property must be so described "that such parties, by the description of the property in the mortgage, together with the aid of such inquiries as are indicated thereby, may identify the particular property covered by the mortgage." [Evans v. Turner, 143 Mo. l. c. 643; Williamson v. Bank, 69 Mo. App. 368; McNicholes v. Fry, 62 Mo. App. 13; Bank v. Shackelford, 67 Mo. App. 475; Chandler v. West, 37 Mo. App. 631; Boeger v. Langenberg, 42 Mo. App. 7.]

In the case last cited the rule is re-stated that "in legal proceedings, when the inquiry is whether particular property was intended to be embraced in such instrument, parol evidence is admissible to aid the descriptive terms employed." If the description is so indefinite that the property cannot be identified from the mortgage and with the aid of inquiries suggested by the mortgage but dependence must be placed entirely upon outside sources of information to eke out the true description and thus to identify the property, the mortgage will be held void for uncertainty, but where all necessary sources of information and accurate identification are suggested in the mortgage, the description will be held sufficient. If a man mortgage "ten head of cattle, mixed lot, heifers and steers" which are a

part of a herd as in Chandler v. West, supra, the mortgage will be void for uncertainty, since it would be impossible to tell which ten were intended to be covered, but if he mortgage a stated number of cattle and states in the description and it proves to be a fact that "said cattle are all the cattle owned by said mortgagor in said feed lot, or on said farm," as in Evans v. Turner, supra, the description is sufficient.

In the instant case the personal property was enumerated by classes and was stated to include all personal property in and about the buildings on the college premises and to include all of the property purchased of plaintiff by Savage, the mortgagor. It does not appear that there were any other pianos on the place than those conveyed by plaintiff. Certainly a third person with this mortgage in his hand and with the aid of such inquiries as its descriptive facts suggested could have gone to the college and identified the pianos intended to be covered by the mortgage. We must hold that defendant had constructive notice of plaintiff's lien and having consented, as it did, to the transfer of that lien to the substituted pianos and induced plaintiff thereby to acquiesce in the surrender of the old pianos, discharged of the lien, is in no position to repudiate the right it thus positively asserted plaintiff should have.

The judgment is for the right party and is affirmed.

All concur.