WAYNE OIL TANK AND PUMP CO., RESPONDENT, v. EQUITABLE REFINING CO., APPELLANT.

Kansas City Court of Appeals. June 29, 1925.

**1.—Chattel Mortgages—Description of Property in Conditional Sales, Contract Held Sufficient to Constitute Constructive Notice of Identity of Property.** Conditional sales contract of gas tanks and pumps recorded as provided by section 2284, Revised Statutes 1919, giving the cut number, kind of stroke, particular type of pump, capacity of tank, in gallons, guage, finish and invoice number, printed thereon, together with name of manufacturer, **held** sufficient description of property to constitute constructive notice to mortgagee, where there was no proof of presence of other tanks on premises of mortgagor, to which description could apply.

**2.—Evidence—Parol Evidence Admissible in Aider of descriptive Terms Employed in Mortgage.** In absence of testimony that there were other tanks and pumps on premises of buyer, parol evidence was properly admitted in aider of descriptive terms employed in mortgage.

**3.—Evidence—Exhibit of Combined Orders and Contracts under Which Property Was Purchased, Held Properly Admitted in Evidence to Prove Title Thereto.** In action in replevin where plaintiff claimed title under a mortgage to property in question, plaintiff's exhibit of combined orders and contracts under which property was purchased and shipped, **held** properly admitted upon theory plaintiff was thereby making proof of title to property.

**4.—Same—Where There Was no Evidence That Mortgage Was Lost, Stolen or Destroyed, Secondary Evidence of Its Existence Was Not Admissible.** There was no error in refusing to admit in evidence a memorandum to prove existence of alleged mortgage in defendant's favor, where there was no showing that mortgage was lost, stolen or destroyed.

**5.—Same—Admission of Conditional Sales Contracts Held Proper, upon Theory That They Were Part of Plaintiff's Proof of Title.** Admission in evidence of conditional sales contracts **held** proper as part of plaintiff's proof of title to the property in question.

**6.—Appeal and Error—Failure to Point Out Specifically Wherein Alleged Error Lies, Considered as Abandonment of Charge.** Where defendant failed to point out specifically wherein alleged error lies, appellate court may consider charge to have been abandoned.

---

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, p. 1428, n. 51, 53. Evidence, 22CJ, p. 980, n. 88; p. 1045, n. 57; p. 1270, n. 65. Sales, 35Cyc, p. 663, n. 93; p. 687, n. 45; p. 702, n. 64 New.

Appeal from Circuit Court of Jackson County.—Hon. Chas. R. Pence, Judge.

AFFIRMED.

*John H. Pollock* and *Morrison, Nugent, Wylder & Berger* for appellant.

*Nourse & Bell* for respondent.

ARNOLD, J.—This is an action in replevin in which plaintiff secured a judgment below for possession of the property described in the petition, or the sum of $1665, the value of said property. From this judgment defendant appeals.

The facts are that plaintiff is a corporation engaged in the manufacture of equipment for oil and gas filling stations, consisting of pumps, tanks and kindred equipment used in such business. Defendant also is a corporation engaged in the distribution and sale of oil and gasoline.

The petition alleges that on or about March 4, 1921, plaintiff was the owner and was entitled to the possession of gas pumps and twelve gas tanks of description, size and finish specified; that on that day, or some time thereafter, defendant wrongfully secured said property from the possession of plaintiff and unjustly detained same in the county of Jackson and State of Missouri, to plaintiff's damage in the sum of $2670.65. The prayer asks possession of said goods and damages for such taking and detention in the sum of $2670.65, and in case the delivery of said property cannot be had, judgment for $2670.65 is sought.

The affidavit for replevin charges (1) that the property was wrongfully taken and detained by defendant and that plaintiff's right of action accrued within one year; (2) that said property is of the value of $2760.65; (3) that the same was not seized under any process, execution or judgment against the property of plaintiff; (4) that plaintiff will be in danger of losing said property unless it is taken out of the possession of defendant, or otherwise secured.

The amended answer, filed by leave of the court, admits the corporate status of plaintiff and defendant and that defendant has in its possession the property described in the petition.

The answer avers that at the time of the issuing of the writ of replevin herein, defendant was the owner and operator of two filling

stations located in Kansas City, Mo., one at Linwood Boulevard and Holmes Street and the other at 39th and Main Streets; that on said property, as a part of the equipment of said filling stations, there were, at the time of the filing of the petition herein, numerous tanks and pumps bearing the name of plaintiff company as manufacturer; that by reason of the number of said pumps being far in excess of those claimed by plaintiff, and by reason of the location aforesaid, it is wholly unable to learn from plaintiff's petition what property is sought to be recovered.

Further the amended answer alleges that on or about January 15, 1922, defendant became the owner of all the property of the nature described in the petition, by lawful purchase, without notice of any defect in the title to, or claim against the property.

The cause was tried to a jury and a verdict was returned for plaintiff to the effect that at the time of the institution of the suit plaintiff was entitled to possession of the property and that the value thereof was $1665, and that the amount due and unpaid upon plaintiff's claim was $1665. Judgment was entered accordingly, directing recovery from defendant of the property described in the petition; or, at the election of plaintiff, the sum of $1665 as fixed by the jury, and for costs.

Motions for new trial and in arrest were unsuccessful and defendant appeals.

The testimony shows that the Wayne Oil Tank & Pump Co. is located at Fort Wayne, Ind., and is engaged in the general business of manufacturing and selling pumps and equipment for handling oil and gasoline.

On January 26, 1920, one E. J. Grosh, a salesman for the Wayne Company sold to the Lawson Selling Company of Kansas City, Mo., two orders of pumps and tanks. The secretary of the Lawson Company, one W. T. Lawrence, signed the two orders for a total of 4 model 278, five gallon capacity, regular finish gasoline pumps; 3 model 276, two thousand gallon type A gasoline tanks and I one thousand gallon type A gasoline tanks. The descriptions are the list and sales descriptions of the pumps and tanks manufactured and sold by plaintiff. Two orders were signed for above.

On January 31, 1920, the Lawson Selling Co. made another order on plaintiff for 2 model 278 gasoline pumps, and 1 one thousand gallon type A gasoline tank.

All three of the orders above named were written in longhand upon a prepared blank form. The articles were ordered shipped to Lawson Selling Co., 403 Waldheim Building, Kansas City, Mo., as soon as possible, "about June 1st via best route." Then followed description of articles ordered. Upon the face of the order appeared the following: "This contract is subject to the stipulations and con-

ditions printed on the back hereof which are hereby specially referred to and made a part of this agreement. There are no agreements not mentioned herein, and all the terms and specifications have been distinctly understood."

This statement refers to certain stipulations upon the back of the order which, in effect, provided that shipment of the equipment named in the order should constitute an acceptance of the order, at which time the contract would become binding. There was a stipulation to the effect that: "The equipment covered by this contract will be used in the business of the vendee at the address first above given, and none of same shall be removed therefrom without the vendor's previous written consent. In case of deferred payments, the vendee agrees that title to said property shall remain in vendor until it is paid for in full, which shall include the payment of any note given and the payment of any judgment secured for same."

A further condition is as follows: "It is agreed that no matter in what manner said property shall be attached to real estate, it shall not become a fixture or part of real estate, and upon default of any payment or any condition hereof, vendor or its agents may take possession of and remove said property without legal process and all payments made may be retained by said vendor as liquidated damages for the use of said property and for its deterioration in value and not as a penalty."

January 24, 1920, the Lawson Selling Company entered into a contract with plaintiff called an "original quantity purchase contract," for the purchase of fifty outfits of oil pumps and tanks, at a discount of twenty-five per cent. This contract provided that if the Lawson Company did not order out all of the fifty outfits within one year, then the Wayne Company should immediately invoice the Lawson Company for the unearned discounts which had been credited upon the orders filled. It was under the original quantity purchase that the first three orders, as above indicated, were placed, and these represented the original sales contracts above mentioned, and are designated as Exhibits 1, 2 and 3, and included as descriptive of the property model number, cut number and type. The "cut" number appearing on the three contracts in question refers to the catalogue number given by plaintiff to a particular style of pump for use in ordering, and such number is not placed upon the pumps. It is in evidence that cut No. 276 describes a five gallon stroke pump built for inside use, and cut 278 is a five gallon stroke pump for outside use.

Plaintiff introduced but one witness, one Austin A. Mabrey, a collection man who handles past due accounts of the concern, and the accounts in litigation. He produced plaintiff's records showing the order of receipt and shipment of the orders, indicating that on

May 4, 1920, the 4 pumps ordered on Exhibit 1 were shipped; on May 27, 1920, 2 tanks on that order were shipped and on July 1st, two more were shipped.

As to the second order, Exhibit, 2, this witness testified one tank was shipped July 28, 1920, another on June 8th, and that the rest of the order was cancelled and not shipped. On the third order the witness testified the two tanks were shipped on May 11, 1920, and four on August 3, 1920 and that the remainder of the order was cancelled and not shipped.

It appears therefore that only part of the equipment purchased under the conditional sales contracts and referred to in the record as Exhibits 1, 2 and 3, actually was shipped and delivered to the vendee, Lawson Selling Company. There seems to be no dispute as to these facts, nor is there any dispute that the equipment so sold and delivered was installed at the two filling stations above indicated. The controversy arose over the equipment so installed. The question of proper identification of the goods sold and delivered under the conditional sales contract is shown to be the pivotal point at issue. On the question of identity the testimony shows that each shipment of tanks and pumps received an invoice number which was printed upon the tanks and upon the crates in which the pumps were shipped, and the numbers also were written upon the conditional sales contract in each instance, before being recorded.

In addition to the invoice numbers which were printed upon the tanks and upon the crates in which the pumps were shipped, the tanks and pumps also had serial numbers issued by the factory, but these do not appear upon the conditional sales contracts. The testimony further shows that the gauge of each tank was printed thereon and that the "cut" number of the tank could be told by observing the shape and size of the tank; also that the name "Wayne" appeared upon each tank and pump in indelible letters.

Defendant's claim is based upon a mortgage covering these and other properties in different states, which mortgage was never recorded in Jackson county. The purported mortgage had been given to one L. E. Francis who appeared at the trial as attorney for defendant. Neither the said mortgage nor an authenticated copy thereof was presented in evidence. Mr. Francis stated that he was unable to find the mortgage or a carbon copy thereof among the papers brought with him to Kansas City for the trial. Defendant sought to introduce in evidence a memorandum from which had been prepared an original mortgage, but the court refused permission.

At the close of all the evidence, defendant offered a demurrer thereto which the court refused, and this action is now charged as error. It is argued the demurrer should have been sustained because the description of the property contained in the conditional sales

contracts known as Exhibits 1, 2 and 3, were insufficient to put the defendant on notice, and cites section 2284, Revised Statutes 1919, which provides that conditional sales contracts are void as to creditors unless recorded. The evidence shows the conditional sales contracts were recorded in Jackson county on March 4, 1921, and that the purported mortgage was executed in November, 1920, but was never recorded in this county.

In the amended answer, filed by leave of court, defendant admits possession of the property described in the petition and that such tanks and pumps bearing the name of the plaintiff company as manufacturer were then at certain filling stations owned and operated by defendant. There was no evidence introduced by defendant even tending to show that there were any tanks or pumps upon the filling station premises other than those claimed by plaintiff. Nor was there any testimony that the plaintiff shipped any tanks or pumps other than those in question to either the Lawson Selling Company or the Harvey Crude Oil Company at Kansas City, through whom, by virtue of the mortgage above mentioned, defendant claims title.

Addressing ourselves to the question of the sufficiency of the description of the property in question as shown by the recorded conditional sales contract, it is noted that the amended answer under which defendant went to trial, admits that defendant was in possession of the property described in the petition. There was no showing in behalf of defendant that there were any other tanks or pumps on the premises in controversy other than those described in the conditional sales contracts. Plaintiff's testimony shows that the tanks and pumps in controversy were the only tanks and pumps which plaintiff had shipped to the Lawson Selling Co. or the Harvey Crude Oil Co., under whom defendant claims. The conditional sales contracts which defendant insists fail to describe the property covered so as to constitute constructive notice, give the cut number, kind of stroke, and the particular type of the pumps, and the capacity of the tanks, in gallons, and the type, gage and finish. In addition to this the testimony shows that each shipment of pumps and tanks received an invoiced number; that the invoice numbers were printed upon the tanks before they were shipped, and were written upon the conditional sales contracts at about the same time, or prior to the recording of the same.

The testimony further shows that in addition to the invoice numbers printed upon the tanks, and the crates in which the pumps were shipped, the tanks and pumps had serial numbers issued by the factory. However, these serial numbers do not appear upon the recorded conditional sales contracts. Also it appears from the testimony that the gage thereof was painted on each tank, and that the cut number could only be observed by the shape and size of the tank.

The testimony further shows that the name "Wayne" appeared in indelible letters upon each tank and pump.

It is defendant's position that the description of the property contained in the recorded conditional sales contracts was not sufficient to constitute constructive notice, and therefore that defendant's demurrer to the evidence should have been sustained.

We think the references in the recorded sales contracts to the descriptions, size, etc., of the tanks and pumps sufficiently specific—especially in view of the fact that defendant failed to prove the presence of other tanks and pumps on the property in question—and the court did not err in submitting that question to the jury. Defendant cannot be heard to complain that the description is too vague to identify the property, so long as the evidence shows there were no other tanks and pumps on the premises in question, to which the description could apply. [Banks v. Ragsdale, 158 Mo. 668.] In the absence of testimony that there were other tanks and pumps on the premises, parol evidence was properly admitted in aider of the descriptive terms employed in the mortgage. [Williams v. Kimball, 188 Mo. App. 646, 651, and cases therein cited.]

It is charged the court erred in admitting evidence of plaintiff's exhibits 1, 2 and 3, which are the combined orders and contracts under which the property in question was purchased and shipped. The record discloses that the exhibits were admitted upon the theory that plaintiff was thereby making proof of title to the property; and for this purpose, we agree with the trial court, that the admissions were proper. This ruling is not in conflict with Young v. Bank, 97 Mo. App. 576. In that case the description of the property was held insufficient and the admission of the mortgage in evidence was held to be improper. But that is not the situation here. The instruments were admitted for a different purpose here. We rule against defendant on this point.

There is another charge of error to the effect that the court erred in refusing to admit in evidence defendant's exhibit 5, which was the memorandum by which witness Francis proposed to prove the existence of a mortgage in defendant's favor. The objection to the introduction of this memorandum was based upon the ground that the mortgage, if executed, had never been recorded in Jackson county; that it does not describe the property involved, and that it was incumbent on defendant to produce the original mortgage or a certified copy thereof; and for the reason that the mortgage was null and void, never having been recorded.

In view of the fact there is no showing that the mortgage was lost, stolen or destroyed, secondary evidence of its existence is not admissible. [Heinbach v. Heinbach, 262 Mo. 69; Mathes v. Lumber Co., 173 Mo. App. 239.]

220 Mo. App.—33.

It is charged the court erred in admitting in evidence the conditional sales contracts around which this legal battle wages. The court admitted these contracts in evidence upon the theory that they were part of plaintiff's proof of title to the property in question and upon this theory, their admission was proper. Defendant's objection would have some merit had the court held the description insufficient. [Young v. Bank, 97 Mo. App. 576.]

Defendant raises the further point that the conditional bills of sale require the property to be kept at the address of the Lawson Selling Co., in the Waldheim Building in Kansas City, Mo., but as defendant fails to follow up this charge by pointing out specifically wherein the error lies, we may consider this charge abandoned.

Finding no reversible error of record, the judgment is affirmed. *Bland, J.*, concurs in the result in a separate opinion. *Trimble, P. J.*, absent.

BLAND, J. (concurring).—The defense wholly failed. There was no chattel mortgage shown and defendant wholly failed to establish any right in the property. A conveyance of the property is shown but this was in satisfaction of the alleged mortgage, there being no other consideration. The mortgage not being proved, no consideration was shown for the conveyance. The conditional sales contract was sufficient, at least as between the parties thereto, and plaintiff was entitled to recover. For these reasons I concur in the result of the opinion by ARNOLD, J.