Battle, J.
 

 The bill is filed by the plaintiff, as the executor of James Stuart, for the purpose of getting the advice of the Court upon the construction of the will of his testator, and as to his duty in relation to several particulars which he mentions.
 

 The first, second and third enquiries which he proposes,
 
 *124
 
 and upon which he seeks the direction of the Court, involve the same principle, and may be answered together.
 

 There is no doubt that he may give his unqualified assent to the bequests contained in the first three clauses of the will. If the contingent remaindermen should have reason to fear that the slaves are, at any time, about to be carried out of the jurisdiction of the Court, they may take such steps as they may be advised are necessary to. secure their interests. No trust to that effect is imposed by the - will of the executor. The sixth clause clearly indicates that the legatees are to have the possession of the property — -negroes, &c.; and the qualification annexed, that “ they are to be considered my property until such time as I have before stated,” if taken literally, is senseless and void. A dead man cannot be considered the owner of property, and the expression is too Vague and uncertain to be allowed the effect of confering the title upon the executor, in opposition to the plain bequests of the legatees, contained in previous clauses of the will.
 

 A contest between the remaindermen as to their respective rights, may be raised and settled by them at the proper time. The executor has nothing to do with it.
 

 If the female legatees, Mary Allis Newman and Mary R. Moore, had been married women at the time when the will was made, the expressions contained in each of the second and third clauses, “for her sole and separate use and benefit,” would have conveyed a separate interest to the wife;
 
 (Adamson
 
 v.
 
 Armitage,
 
 19 Ves. Jr., 419;
 
 Goodrum
 
 v. Goodrum, 8 Ire. Eq. Rep. 313;) but as they were not, we can see no reason why they do not take the negroes and other property in the usual manner, and subject, of course, to the rights which the husband, whom either of them has married, or may hereafter many, may acquire therein
 
 jure mariti.
 
 In the case of
 
 Miller v. Bingham,
 
 1 Ire. Eq. Rep. 423, it was decided in this Court that, where property was conveyed to a trustee for the
 
 sole and separate use
 
 of a woman, then married, and she survived her husband and married again, she no longer held the property to her
 
 sole and separate use,
 
 but the whole inter
 
 *125
 
 est in the personal property vested in her second husband. The case before us is not so strong, because, in addition to the fact that the legatees were, when the will was made, single women, there is no expression indicating a trust for them.
 

 4th. The widow is clearly entitled to the possession of the property given to her for life, and, as an incident thereto, she has a right to sell the crops, and apply a sufficiency of the proceeds for the comfortable support of herself and family. What is not so needed she must lend out, from time to time, according to the provision to that effect in the will. That duty, in relation to the money arising from this source, is not imposed upon the executor in express terms, as it is with regard to the other moneys in the next succeeding clause. Hence, we conclude that the testator intended that his widow, who was to have the possession of, and a portion of, the profits arising from the land, negroes, &c., should herself accumulate the balance for the benefit of the children, after her death.
 

 5th. A fair construction of the fifth clause will vest in the executor, for the purpose of accumulation, all the money due the testator on any account. "We can hardly suppose that he intended to die intestate as to any part of his estate, and money “loaned out” may, to prevent such an effect, very well be construed all other debts due him, as well as those created by loans made by himself. The period of accumulation directed for this fund, is ten years, without respect to the death of the widow. As she may die before the expiration of that period, the question whether the division should be postponed beyond it, may never arise, and it would be premature •to declare an opinion upon it now. It is sufficient for us to declare, at present, that it is the duty of the executor to pursue the direction of the will for the accumulation of the fund for ten years from the death of the testator. If the widow shall be then living, the Court will then be prepared to give further directions, should any be desired. An account may be ordered, should the parties wish it.
 

 Pee CueiaM. Decree accordingly.