## Schoonmaker, et al v. Mitchell's Admr., et al.

(Decided October 13, 1911.)

### Appeal from Fayette Circuit Court.

Wills—Devising Stocks and Bonds.—Under a devise of bank stocks and bonds, stocks in other corporations not doing a banking business or cash in bank do not pass to the devisee. But promissory notes held on a third person are bonds since all written instruments are raised to the dignity of sealed instruments, and such notes pass under a devise of bonds.

GEO. B. KINKEAD for appellants.

J. D. & G. R. HUNT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.— Reversing.

Virginia E. Mitchell died a resident of Fayette county on April 23, 1909, leaving a will which was duly probated after her death. This proceeding was instituted by the administrator with the will annexed for a constructon of the will. She left no children or descendents. Her only surviving sister, Sarah H. Schoonmaker, and her niece, Annie E. Schoonmaker, resided with her. Her husband, T. D. Mitchell, survived her, but has since died. She owned a house and lot on North Broadway in Lexington, Kentucky, 20 shares of stock in the First National Bank of Lexington, 2 shares of stock of the Lexington Banking and Trust Company, 2 shares of the Security Trust Company stock, the latter doing also a banking business, 2 bonds of the Lexington Hydraulic Company, each for $1,000, 20 shares of stock in the Glen Mary Coke and Coal Co., 11 and a fraction shares of the Western Union Telegraph Company, two notes of Irvine Prather aggregating $3,153.65 and $784.61, cash in bank. Her will is in these words:

"Lexington, September 13, 1896.

"I, Virginia E. Mitchell, being of sound mind, do write this my last will and testament.

"I bequeath to my beloved husband, Thomas D. Mitchell, my house and lot on North Broadway (number of house 341) and all contained therein except a few things that I will leave in memorandum for him to distribute as I may mention. Also to my dear husband all my diamond rings, pins and earrings to do with as he shall think best.

"I wish my dear husband to be my executor without bond.

VIRGINIA E. MITCHELL.

Memorandum to my will:

I leave to my sister, Sarah A. Schoonmaker and Annie E. Schoonmaker, all of my bank stocks and bonds to share between them.

VIRGINIA E. MITCHELL.

March 15. 1906, Lexington, Ky.

The circuit court held that Sarah A. Schoonmaker and Annie E. Schoonmaker under the devise to them of all the bank stocks and bonds did not take the two promissory notes executed by Irvine Prather or the stock in the Western Union Telegraph Company or in the Glen Mary Coal Company or the cash in bank, $784.61. From this judgment they appeal.

While the will is informally drawn, it is very clear that when the testatrix drew her original will on September 13, 1896, she did not intend to dispose by it of her whole estate, but only intended to make a provision for her husband. The remainder of her estate was left undisposed of by the original will. The codicil was made on March 15, 1906, or nearly ten years afterwards. Its clear purpose was to make a provision for her sister and niece, who lived with her. The codicil was not intended to dispose of the remainder of the estate. The words used in it are not ambiguous. The testatrix knew she had bank stock and other stock. She devised to them her bank stock. They did not under this devise take the stock in the Western Union Telegraph Company or in the Coal Company or the cash she had in bank. In addition to her bank stock she gave them her bonds to share between them. There is nothing in the will to indicate that the word "bonds" was used in any but its ordinary sense. At common law a bond was an obligation under seal, but with us all written contracts have been raised to the dignity of sealed instruments,

so that a seal is no longer necessary to a bond. In Ide v. R. R. Co., 32 Vt. 297, the court, defining the word bond, said:

"The term is used in various significations in popular language, as importing the substantive action expressed by the verb to bind. If one is bound, he is in bonds, or under bonds. In that sense it implies nothing more than a binding contract, in whatever form."

So a bond is now defined as an obligatory instrument in writing whereby one binds himself to another to pay a sum of money or to do some other act. (See 5. Cyc. 729, 4 Am. & Eng. Encyc. of Law, 620, and authorities cited.) The notes of Irvine Prather were bonds within the ordinary meaning of the term and passed under the codicil to the devisees therein named.

In other respects the judgment of the circuit court is correct, and is affirmed, but as to those notes the judgment is reversed and the cause remanded with directions to enter a judgment as herein indicated.