## Mutual Life Insurance Company of New York, et al. v. Spohn, et al.

(Decided November 3, 1916.)

### Appeal from Harrison Circuit Court.

Wills—Instruction.—A devise by a testator to his wife of his house and lot and "what money I have in bank," is not broad enough to include a vested interest in an insurance policy. (For original opinion, see 170 Ky. 721.)

WADE H. LAIL and GRUBBS & GRUBBS for appellants.

ED. C. O'REAR and M. C. SWINFORD for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISIONER—Modifying original opinion and overruling petition for rehearing.

In our original opinion we addressed ourselves to the question whether or not John H. W. Spohn, upon the death of his mother, took a vested interest in the policy which he could transmit by will to his widow. In considering this question we did not examine the will with care, but rather assumed that the proceeds of the policy passed under the will. It is suggested on petition for rehearing and modification that the interest of the testator in the policy is not embraced in his will. The will is as follows: "I give what money I have in bank and house and lot on Pearl street to my wife." True, the word "money" is often used in wills in a very broad and elastic sense, and, when read in the light of proper evidence, is given meanings to conform to the testamentary intent. Apple v. Allen, 56 N. C. 120. When so construed, it has been held to include money due reversionary interests in personalty, ground rents, bonds and notes, personal property in general, and even the entire personal and real property of the testator. Decker v. Decker, 121 Ills. 341, 12 N. E. 750; In re Egan, 1 Ch. 688, 68 L. J. Ch. 307; Strawbridge's Estate, 5 Pa. Dist. 692, 18 Pa. Co. Ct. 485; Hinckley v. Primm, 41 Ill. App. 579; In re Miller, 48 Cal. 165. If the will in question exhibited an intent on the part of the testator to devise all of his property to his wife, the fact that in describing his property he omitted some portion thereof, would not defeat such intent. As a matter of fact, the testator did not use any words indicating a purpose to devise all of his property to his wife. He did not even devise to her all of his money, but only what money he had in bank. Though giving full effect to the elastic sense in which the word money is often used in wills, we conclude that the clause "what money I have in bank" is not broad enough to include the testator's interest in the policy in question. It follows that the testator's wife takes by descent and not under his will, and is entitled, therefore, to only such interest in the policy as the statute now gives.

In other respects we see no reason to change the conclusions reached in our original opinion.

Wherefore, the original opinion is modified, as herein indicated, and the cause remanded for proceedings consistent herewith. In other respects the petition for rehearing is overruled.