## LYON v. BLEEG.

### In re DAKOTA PLOW & WAGON CO.

(Circuit Court of Appeals, Eighth Circuit. March 3, 1917.)

No. 4697.

1. CORPORATIONS ⚌469—INDEBTEDNESS—CONSIDERATION—ANTECEDENT DEBT.
    Under Const. S. D. art. 17, § 8, providing that no corporation shall issue stocks or bonds except for money, labor done, or property actually received, and that all fictitious increase of stock or indebtedness shall be void, the bonds of a corporation of that state issued and pledged to secure an antecedent debt and with no consideration other than an extension of the time of paying the debt are void.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1832.]

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. TRIAL ☞404(1)—FINDINGS—CONSTRUCTION.

    Findings by the trial court that a corporation delivered bonds to a bank, which held a note of the corporation indorsed for its accommodation by five of its directors, to secure the note and the indorsement, to extend the time of payment thereof and as collateral thereto, and that thereafter the accommodation indorsers gave a note of their own to the bank in payment of the corporation's note leaving the bonds with the bank as collateral, showed that the bonds were delivered as collateral for the antecedent debt, not that they were delivered to the makers of the note as consideration for the making of the note.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 957.]

3. CORPORATIONS ☞474—INDEBTEDNESS—BONDS—PLEDGE—STATUTE.

    Civ. Code S. D. § 2124, providing that a pledgee cannot sell any evidence of debt pledged to him except the obligations of governments, states, or corporations, but may collect the same when due, does not prohibit but expressly permits the sale of corporate bonds pledged to secure the corporation's debt, so that to sustain bonds pledged to secure an antecedent debt would be to permit a duplication of corporate indebtedness.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1854.]

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

In the matter of the Dakota Plow & Wagon Company, bankrupt. From a decree of foreclosure of a mortgage upon the property of the bankrupt given to secure its bonds, in which decree the bonds held by W. H. Lyon were declared void. On the objection of John P. Bleeg, trustee in bankruptcy, the bondholder appeals. Affirmed.

W. H. Lyon, of Sioux Falls, S. D. (Davis, Lyon & Bradford, of Sioux Falls, S. D., on the brief), for appellant.

P. G. Honegger, of Sioux Falls, S. D. (Bailey & Voorhees, of Sioux Falls, S. D., on the brief), for appellee.

Before SANBORN and SMITH, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge. This is an appeal from a decree of foreclosure of a mortgage upon the property of the Dakota Plow & Wagon Company, a corporation of South Dakota, and it presents the single question whether its bonds numbered 29 to 52, aggregating $12,000, which, if valid, are secured by the mortgage, are valid or void in view of section 8 of article 17 of the Constitution of South Dakota, which reads in this way:

"Sec. 8. No corporation shall issue stocks or bonds except for money, labor done, or money or property actually received; and all fictitious increase of stock or indebtedness shall be void."

The case is presented to this court without the evidence upon the findings of fact and the decree of the court below. The facts thus found that are material to the question at issue in this court are these: During the years 1911 and 1912, the Sioux Falls Plow Company, which subsequently became the Dakota Plow & Wagon Company, borrowed from the Sioux Falls Savings Bank $12,000, which was used in the business of the former company, and that company gave its promissory note to the bank indorsed for its accommodation by five of its

directors for this sum. After the Sioux Falls Plow Company became the Dakota Plow & Wagon Company, the latter company took up that note and gave its own note to the bank therefor with the same accommodation indorsers. In June, 1913, the bank was pressing the Dakota Plow Company for the payment of this note and, as the court below found, "in order to secure said note and protect said directors for their personal indorsement thereof, and to extend the time of payment of said note, and as collateral thereto, the said Dakota Plow & Wagon Company * * * delivered to the said Sioux Falls Savings Bank" the bonds here in question. Thereafter, about June 30, 1913, the accommodation indorsers gave their note to the bank for the debt of $12,000, and with their note took up the note of the Dakota Plow & Wagon Company. At the time the bank delivered up to these indorsers the note of the plow company, it offered to return to them the bonds; but at the request of the indorsers the bank kept and held the bonds as collateral security for the payment of the new note. The new note was subsequently renewed by the same parties, and that renewal note was finally paid by W. H. Lyon, one of its makers, about June 22, 1915, and it was then assigned and delivered to him by the bank together with the bonds. Mr. Lyon claimed that the bonds were valid, that they were secured by the mortgage, and were therefore entitled to share in the proceeds of the foreclosure with the other bonds secured thereby. The court below, however, held that they were void in view of the section of the Constitution cited at the opening of this opinion.

[1] The decision of the court below is sustained by two decisions of this court relative to the construction and effect of a similar provision of the Constitution and statutes of the state of Missouri. Kemmerer v. St. Louis Blast Furnace Co., 212 Fed. 63, 128 C. C. A. 519; Mudge v. Black, Sheridan & Wilson, 224 Fed. 919, 140 C. C. A. 397. As the question decided in those cases has been twice deliberately considered, as the reasons for our conclusion have been twice carefully stated by this court, and as the court is still of the opinion that bonds of a corporation of a state, issued by that corporation to secure an antecedent debt with no new consideration except an extension of the time of payment of the debt, are void by virtue of the constitutional or statutory provision of that state prohibiting corporations organized under its laws from issuing bonds, except for labor done, or money or property actually received, the court declines to again discuss that question in the case at bar.

[2] Counsel for Mr. Lyon, however, contend that his case is not governed by the rule established in those cases, because the bonds were in legal effect delivered to the makers of the new note on or about June 30, 1913, and the obligation of the Dakota Plow Company was then surrendered, so that in reality the bonds were issued to the makers of the new note for that note and in payment of the old note of the corporation which was surrendered. If such had been the actual transaction, the position of counsel might have been plausible. But the findings of the court below which have already been set forth are so inconsistent with the contention of counsel that it cannot be sustained, for those findings clearly are that the bonds were issued and deliv-

ered by the Dakota Plow Company for the sole purpose of securing an antecedent debt without any new consideration, except the extension of the time of its payment, and they never became anything else but collateral security for the debt.

[3] Another argument of counsel is that section 2124 of the Civil Code of South Dakota provides that "a pledgee cannot sell any evidence of debt pledged to him, except the obligations of governments, states or corporations, but he may collect the same when due"; that this statute forbids the sale of the bonds of the debtor pledged for its own debt; that such pledges can be enforced by the collection of the bonds only; that there is not, therefore, in South Dakota that danger of the increase or duplication of the indebtedness of corporations which is stated in the opinions above cited as one of the reasons (212 Fed. 63, 64, 128 C. C. A. 519; 224 Fed. 920, 921, 140 C. C. A. 397) for the conclusion reached in those cases, but there are other and convincing reasons stated in those opinions for the conclusion there reached. Moreover, section 2124 of the Civil Code does not in our opinion prohibit, but expressly permits, the sale of the bonds of a corporation pledged by it to secure its own debt. The unavoidable result is that the bonds held by Mr. Lyon fall under the rule established in Kemmerer's Case, they were issued in violation of section 8 of article 17 of the Constitution of South Dakota, were void in their inception, and the decree below must be affirmed.

It is so ordered.