[Civ. No. 3404.  First Appellate District, Division One.—June 21, 1920.]

## BANK OF NEWMAN (a Corporation), Respondent, v. MONTEREY COUNTY GAS AND ELECTRIC COMPANY (a Corporation), Appellant.

[1] CORPORATIONS—GUARANTY OF BONDS OF ANOTHER CORPORATION—INCREASE OF BONDED INDEBTEDNESS.—The execution by a corporation of a written guaranty whereby it undertakes, in good faith and for value received, to guarantee the payment of certain bonds issued by another corporation, the guaranty in question being indorsed upon each of the bonds issued and sold by the latter corporation, does not effect an increase of its "bonded indebtedness," within the meaning of that term as used in section 359 of the Civil Code, and such guaranty is not required to be founded upon proceedings taken pursuant to the provisions of that section.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chickering & Gregory and Thomas H. Breeze for Appellant.

Goldman & Altman for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of plaintiff in an action to recover upon a certain written agreement executed by the defendant whereby it undertook to guarantee the payment of certain bonds issued by the Monterey and Pacific Grove Railway Co., a corporation, upon which bonds default in payment had been made by said last-named corporation. The guaranty in question was indorsed upon each of the bonds issued and sold by the Monterey and Pacific Grove Railway Co., and was in the following form:

---

Power of corporation to guarantee stock or bonds of another corporation, note, 11 Ann. Cas. 891.

## "GUARANTY OF PAYMENT.

"For value received, Monterey County Gas and Electric Company, a corporation, agrees to and with the holder of this bond and the attached coupons, that if the several sums of money agreed to be paid thereby are not paid in the manner therein stated, as they severally become due, then and in that event the Monterey Gas & Electric Company will pay the same.

"This contract is duly authorized by a resolution of the board of directors of the Monterey Gas and Electric Company."

The trial court rendered its judgment in plaintiff's favor for the amount due upon the bonds held by it bearing this guaranty. [1] The defendant has appealed from said judgment, the only contention which the appellant makes upon this appeal being that the guaranty of the said bonds of the Monterey and Pacific Grove Railway Co., by the appellant was an attempt to increase the bonded indebtedness of the guarantor; and, since said guaranty was not founded upon the proceedings required to be taken by corporations under section 359 of the Civil Code relating to the creation or increase of a bonded indebtedness, said guaranty was void.

We are unable to agree with the position taken by the appellant in this regard. The guaranty in question appears upon its face to have been issued for value received, and there is nothing in this record to indicate that it was not issued in good faith and in the regular course of the business of the corporation issuing the same. It does not purport to have any relation to any past bonded indebtedness of the appellant, or to have been issued in the form or with the intent of creating or increasing any bonded indebtedness of the corporation; but, on the other hand, it appears as to both its form and substance to belong to that class of written instruments which include promissory notes, checks, bills of exchange, and like obligations of corporations or of individuals issued in the ordinary course of business. The term "bonded indebtedness" has never been held to apply to or include this class of obligations, but as used in the constitution and statutes has had reference to those more formal transactions of both municipal and private corpora-

tions which require such prerequisites as elections, or the express approval of stockholders, in order to their creation, and which when thus permitted take the express form of bonds either secured by liens upon property or payable by means of public taxation.

The supreme court of this state in the case of *Underhill* v. *Santa Barbara etc. County*, 93 Cal. 300, [28 Pac. 1049], in construing the term "bonded indebtedness" as found in section 11 of article XII of the constitution having reference to the obligations of private corporations, has held that a note and mortgage issued by such a corporation is not a bonded indebtedness within the meaning of said provision of the constitution. To hold otherwise would be to extend the language of the constitution to practically every form of indebtedness which a private corporation could create, and to require in every case the consent of its stockholders to the creation of such indebtedness and to the issuance of the writing which would evidence the same. The only authorities cited by the appellant herein as sustaining its position are those from other jurisdictions wherein by the express terms of their statutes the consent of stockholders is required to guaranties by one corporation of the bonds of another. Such cases are not in point in this state, wherein no such statutory requirement is to be found.

Judgment affirmed.

Waste, P. J., and Welch, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 19, 1920.

All the Justices concurred, except Sloane, J., who was absent.