## In re SHARON–WARREN IRON & METAL CO.

(District Court, W. D. Pennsylvania. September 14, 1925.)

No. 11533.

**1. Bankruptcy ⟷184(2)—Unrecorded agreement cannot give mortgage lien as against other creditors.**

An assignee of mortgages made by bankrupt *held* not to have a lien on the mortgaged property for sums then and thereafter advanced under an unrecorded agreement that the mortgages should stand as security therefor.

**2. Bankruptcy ⟷188(1)—Pledge by bankrupt corporation of mortgage bonds to secure past and future indebtedness held legal.**

The deposit by bankrupt corporation, of its mortgage bonds as collateral security for a past indebtedness and for future loans *held* legal and to give the creditor the security of the mortgage.

In Bankruptcy. In the matter of the Sharon-Warren Iron & Metal Company, bankrupt. On review of two orders of referee.

Reversed and remanded, with directions, as to one order, and affirmed as to the other.

Calvert, Thompson & Wilson, of Pittsburgh, Pa., for trustee and referee.

Maynard Teall and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., and Gillmer, Gillmer, Stephens & Patchin, of Warren, Ohio, for Union Savings & Trust Co.

Davis, Fruit & Anderson, of Sharon, Pa., for McDowell Nat. Bank, of Sharon, Pa.

Louis J. Wiesen, of Sharon, Pa., for petitioning creditors.

GIBSON, District Judge. On June 12, 1925, the referee made two certain orders, by one of which he found and declared the McDowell National Bank, of Sharon, Pa., to have a valid lien against the property of the bankrupt to the extent of $39,750, and by the other of which he found and declared the Union Savings & Trust Company of Warren, Ohio, to have a similar valid lien in the sum of $40,921.45. Exceptions were taken by the trustee to the said orders, and the subject-matter of them has been certified to this court by the referee upon the prayer of the exceptant.

The record, as certified, is somewhat meager, and if we were to consider the matter from a purely technical point of view would perhaps call for the dismissal of the exceptions. As the facts are not in dispute, however, and were admitted upon the argument, we have considered and passed upon the matters actually presented by exceptant for the purpose of moving the court to set aside the orders of the referee.

The claims of the McDowell National Bank of Sharon, Pa., and the Union Savings & Trust Company of Warren, Ohio, do not rest upon the same foundation and are considered separately.

Claim of McDowell National Bank, of Sharon, Pennsylvania.

The facts as admitted upon argument, and to some extent as they appear from the claim filed, without going into details, are substantially as follows:

[1] The bankrupt company had delivered several mortgages to one H. B. McDowell, trustee. Payments were made from time to time upon these mortgages until approximately half of the amounts secured by the mortgages had been paid. Subsequently the mortgages were assigned to the McDowell National Bank, which, at the time of the transfer, advanced further sums amounting to some thousands of dollars, to the bank-

rupt. At that time a written agreement was entered into between the McDowell National Bank and the bankrupt that the mortgages should secure the additional advances as well as the original mortgage indebtedness as reduced by the payments previously made. This agreement was not recorded. The record also did not show the partial payments made upon the mortgage prior to its assignment.

The referee, by his order, held that the McDowell National Bank, as assignee of the mortgages, was entitled to a lien for, not only the amount of the original indebtedness remaining unpaid, but also for the amounts which had been advanced by it pursuant to the subsequent agreement between it and the bankrupt. As we view the matter, his action in this regard was erroneous. The McDowell National Bank, under the circumstances, had a claim secured by valid lien to the extent of the original indebtedness remaining unpaid, and only to that extent. All subsequent indebtedness accrued by virtue of the unrecorded agreement. The law as to recording not having been met, the McDowell National Bank is not entitled to a lien upon the property of the bankrupt for advances made subsequent to assignment.

The record will be returned to the referee, with instructions that he modify his order in accordance with this opinion.

## Claim of Union Savings & Trust Company, of Warren, Ohio.

[2] The bankrupt, Sharon-Warren Iron & Metal Company, executed a certain mortgage to secure a bond issue; the said Union Savings & Trust Company being trustee under said mortgage. These bonds could not be, or at least were not, sold. Prior to the bond issue, the bankrupt company was considerably indebted to the Union Savings & Trust Company. After the issue, it sought further loans from that bank, which refused to make further advancements unless it were given security for both the past and future indebtedness. Thereupon the bankrupt deposited $100,000 par value of its bonds with the bank to secure it for both the past indebtedness and for future advancements. The trustee urges that the referee erred in allowing the claim of the Union Savings & Trust Company of Warren, Ohio, as a creditor secured by the lien of the mortgage, at least to the extent that the bonds secured the past indebtedness. Counsel for trustee contended that the pledge of the bonds secured by mortgage was illegal in itself and contrary to the provisions in the Constitution of Pennsylvania, which prohibits the issue of

bonds except for money or property actually received or labor done. The very great weight of authority is against this contention, and we have no doubt as to the power of a corporation to raise money by pledging its bonds. See Gilchrist Transp. Co. v. Phœnix Ins. Co., 170 F. 279, 283, 95 C. C. A. 475; Atlantic Trust Co. v. Woodbridge Canal & Irrigation Co. (C. C.) 79 F. 842, 847; Equitable Trust Co. v. Water Power Co. (D. C.) 228 F. 516, 519; Miller v. Hellam Distilling Co., 57 Pa. Super. Ct. 183.

The main contention of the trustee, as we understand it however, is to the effect that bonds cannot be pledged to secure, or sold to repay, an antecedent indebtedness. There is no doubt that the general proposition is upheld by numerous authorities. However, the situation presented by the case at bar does not bring it directly under the general proposition. Here it is admitted that the bonds were given to secure both a past and future indebtedness, and that a large part of the claim approved was for moneys advanced subsequent to the deposit of the bonds as collateral. The question is one of the legality of the issue and use of the bonds, and when, as here, bonds are given to secure, in part, future advances, the issue is legal. See In re Waterloo Organ Co., 134 F. 345, 67 C. C. A. 327; In re Progressive Wall Paper Corp., 229 F. 489, 143 C. C. A. 557, L. R. A. 1916E, 563.

In our judgment, the order of the referee in regard to this claim was not erroneous.

## Order of Court.

And now, to wit, September 14, 1925, the order of J. R. W. Baker, referee in bankruptcy, made June 12, 1925, declaring and adjudging that the McDowell National Bank of Sharon, Pa., had a valid lien or liens against the Sharon-Warren Iron & Metal Company, bankrupt, to the amount of $39,750, having come on to be heard, after argument and upon consideration thereof, it is ordered, adjudged, and decreed that said order be, and the same hereby is, reversed and set aside, and it is further ordered that the record herein be transmitted to said referee, and said referee is further ordered to modify his said order made June 12, 1925, as indicated in the opinion of this court, attached to and made part of this order.

## Order of Court.

And now, to wit, September 14, 1925, the order of J. R. W. Baker, referee in bankruptcy, made June 12, 1925, declaring and adjudging that the Union Savings & Trust

Company, of Warren, Ohio, had a claim secured by a valid lien against the Sharon-Warren Iron & Metal Company, bankrupt, to the amount of $40,921.45, having come on to be heard, after argument and upon consideration thereof, it is hereby ordered that the exceptions to said order be dismissed, and the judgment of said referee be, and the same hereby is, approved.