**CASS BANK & TRUST CO. et al. v. SHEEHAN et al.***

**In re SCHORR–KOLKSCHNEIDER BREWING CO.**

Nos. 11141 and 11146, 11142 and 11147.

Circuit Court of Appeals, Eighth Circuit.
July 15, 1938.

*Rehearing denied Aug. 15, 1938.

STONE, Circuit Judge, dissenting in part.

Paul G. Ochterbeck, of St. Louis, Mo. (William L. Igoe, J. W. McAfee, and Igoe, Carroll, Keefe & McAfee, all of St. Louis, Mo., on the brief), for appellants.

Staunton E. Boudreau, of St. Louis, Mo. (John B. Kramer, of St. Louis, Mo., on the brief), for appellees.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

WOODROUGH, Circuit Judge.

Schorr-Kolkschneider Brewing Company, a Missouri corporation, is a debtor in reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and the appellant Cass Bank and Trust Company is a creditor in the amount of $63,-000 for which it holds the notes of the debtor. The bank also holds in pledge as collateral security for its debt, a negotiable promissory note for one hundred thousand dollars executed by the brewery company to an officer of the bank, secured by the brewery company's deed of trust covering the land upon which the brewery is located. The bank claims that it has a first and paramount lien upon the brewery for the amount of the debt due it, with interest and attorneys' fees.

The trustee operating the brewery under court direction applied for authority to issue and sell trustee's certificates to meet the charges of operation, and prayed that the certificates be given a position of priority over all claims of the debtor, secured and unsecured. The bank filed an intervening petition setting up its claimed paramount lien and resisting any attempt to subordinate such lien to trustee's certificates. It also opposed borrowing money through certificates to carry on the business. Thereafter the trustee filed a motion setting forth that "investigation discloses that the claim of (the bank) probably is not secured by any valid mortgage or deed of trust of any debtor's real estate," and asking leave to join issue on the intervening petition of the bank and to try the question whether the bank's claim is secured by valid mortgage or deed of trust. Leave was granted and the issue was tried out on full hearing. The court held that the hundred thousand dollar note was a fictitious increase of indebtedness for which the debtor had received no consideration, and that it and the deed of trust purporting to secure it, were wholly void under Section 8, Article 12, of the constitution of Missouri, Mo.St.Ann.Const. art. 12, § 8. By separate order the court authorized the issuance and sale of trustee's certificates with priority over all claims of the debtor. These several appeals taken by the bank vest jurisdiction in this court to review the adjudication against the validity of the lien claimed by the bank and also the order authorizing issuance and sale of trustee's certificates. Milwaukee Postal Bldg. Corp. v. McCann, 8 Cir., 95 F.2d 948, loc. cit. 951, 952; Central Hanover Bank & Trust Co. v. Williams, 8 Cir., 95 F.2d 210, loc. cit. 212; Dickinson v. Orr, 8 Cir., 94 F.2d 536. The motion to dismiss appeals is denied.

We think the complete findings of fact made by the trial court [1] conform to the evidence that was adduced. It appears

---

[1] "That Schorr-Kolkschneider Brewing Company, Debtor, is a corporation organized and existing under and by virtue of the laws of the State of Missouri; that prior to the 15th day of May, 1935, Debtor was indebted to intervener, Cass Bank & Trust Company, in the principal sum of Sixty Thousand Dollars ($60,000.-00) evidenced by Debtor's unsecured note or notes; that on the 15th day of May, 1935, Cass Bank & Trust Company, loaned and advanced to Debtor the further sum of $15,000.00; that the entire then debt of Debtor to Cass Bank & Trust Company of $75,000.00 was evidenced by Debtor's collateral note reciting that there was deposited as collateral security for its payment a note for $100,000.00 executed by Debtor and secured by deed of trust on Debtor's real estate; that in fact no note for $100,000.00 and no deed of trust of Debtor's real estate was deposited by Debtor at that time as collateral security for the said note for $75,-000.00; that the absence of the delivery to it and possession of the said recited collateral by Cass Bank & Trust Company was accounted for by its taking from Debtor a receipt reciting that the collateral note for $100,000.00 and deed of trust had been delivered to Debtor and was being held by Debtor in trust for Cass Bank & Trust Company; that in fact no note for $100,000.00 secured by deed of trust upon its real estate had been either authorized, executed or delivered to anyone at that time; that at the time when said $75,000.00 collateral note was executed by Debtor and delivered to said Cass Bank & Trust Company, debtors officers handling the transaction agreed that Debtor would secure the entire $75,000.00 by thereafter executing its note for $100,000.00 secured by deed of trust upon Debtor's real estate and depositing the note and deed of trust securing it as collateral security for the said $75,000.00; that at said time said officers had not been authorized by action either of debtors, stockholders or directors to make such agreement; that prior thereto, on the 11th day of May, 1935, Debtor, by resolution of its Board of Directors, had authorized its officers to borrow money and to secure the same by the deposit of any collateral then available to it for deposit; that thereafter on the 28th day of May, 1935, a special meeting of the Board of Directors was held at which a resolution was adopted authorizing its officers to borrow $100,000.00 and to secure the same by Debtor's note in that amount secured by deed of trust upon its real estate described; that, thereafter, officers of Debtor executed a note for $100,000.00 and a deed of trust securing the same under date of May 28th, 1935, and deposited the said note and deed of trust with intervener, Cass Bank & Trust Company, as collateral security for the said note for $75,000.00; that then the said trust receipt given on the 15th day of May, 1935, by Debtor's officers to said Cass Bank & Trust Company which recited that a note for $100,-000.00 secured by deed of trust on Debtor's real estate had been delivered to debtor in trust, was redelivered to said

that prior to May 15th, 1935, the brewery company was indebted to the bank in the sum of $60,000 and that it borrowed the further sum of $15,000 on that day, increasing the debt to $75,000. Its officers then agreed that the brewery company would give the deed of trust and hundred thousand dollar note to secure the entire present and future indebtedness and the pledge was made pursuant to the agreement. It was the mutual expectation at the time that the bank could and probably would increase the loans if necessary to carry on the brewery business, up to more than $100,000. But the Bank Examiner of Missouri held that the bank could not loan the brewery company in excess of $63,000, and the bank thereupon required the brewery company to repay $12,000, and it reduced the debt to the bank from $75,000 to $63,000. The only consideration in new money, as it turned out, which remained as a loan from the bank to the brewery company on account of the pledge of the deed of trust and the one hundred thousand dollar note was the increase of three thousand dollars over and above the pre-existing indebtedness of $60,000.

■ Whether as a result of the transaction the bank became entitled to have a lien for its $63,000 debt impressed upon the brewery property must be determined by reference to Section 8, Article 12, of the constitution and the decisions of Missouri, which this court has had occasion to consider in several cases.

---

Debtor; that the said note for $100,000.00 was made payable to intervener, Jacob Wilhelm, and the deed of trust purported to secure the note for $100,000.00 to him; that Jacob Wilhelm was then and now is Treasurer of Intervener Cass Bank & Trust Company; that neither he, nor anyone else loaned any sum to Debtor directly represented by said note for $100,000.00 and secured by said deed of trust; that no loan was made to Debtor for which Debtor's note secured by its deed of trust of its real estate as authorized by said resolution of its Board of Directors of May 25th, 1935, was ever made; that no meeting of the stockholders of Debtor was held for the purpose of authorizing the issuance of said note for $100,000.00 and the securing of it by said deed of trust; that the execution of said note for $100,000.00 and deed of trust securing it was not authorized by the stockholders of Debtor; that subsequently to the 28th day of May, 1935, upon holding of the Bank Examiner of the State of Missouri, that the loan of $75,000.00 to Debtor was in excess of the amount which Debtor might under the law loan to any one person or corporation, by $12,000.00, and upon demand of intervener Cass Bank & Trust Company, Debtor reduced, by payment, the said note for $75,000.00 to the principal sum of $63,000.00, at which amount both note and renewals thereof has been maintained to the present time; that subsequently additional collateral was deposited to secure the said balance of $63,000.00 and that it now is further secured by a collateral note executed by the Wellston Bottling Works, Inc., in the principal sum of $25,000.00; that the Debtor was not at any of the above mentioned times indebted to intervener, Jacob Wilhelm, in any amount, and that no money or thing of value or consideration whatever was passed to Debtor from Intervener Jacob Wilhelm for the execution or delivery to him of said note for $100,000.00; that the sole purpose and consideration for the execution of said note for $100,000.00 and deed of trust securing it was that they might be deposited with the intervener Cass Bank & Trust Company as collateral security for the said note for $75,000.00; that the note for $100,000.00 was endorsed by the payee, intervener Jacob Wilhelm, and delivered to intervener Cass Bank & Trust Company since which time it has been and now is held by it under claim of collateral security for the said collateral note for $63,000.00 and renewals thereof.

"The Court further finds that there was not given for the issuance of said note for $100,000.00 and deed of trust securing it the consent of the persons holding the larger amount in value of the stock of Debtor, and that no consent was obtained or attempted to be obtained at a meeting of the shareholders of Debtor called for that purpose; that no meeting of the shareholders was held for that purpose; that no consent of the shareholders was either sought or obtained; that the issuance and deposit with intervener, Cass Bank & Trust Company, of the said note and deed of trust as collateral security for the said indebtedness, in fact, was not authorized by Debtor; that no money was paid, labor done, or property actually received by Debtor for the issuance of said note and deed of trust securing same; that the said note is a fictitious increase of the indebtedness of Debtor and is void under both Section 8, Article 12 of the Constitution of Missouri, and that the Debtor received no money or other thing of value or consideration whatever for the issuance of the said note and deed of trust."

Section 8, Article 12, Mo.St.Ann.Const. art. 12, § 8, so far as relevant, reads:

"No corporation shall issue stock or bonds, except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void."

Our first question is whether the hundred thousand dollar note issued by the brewery company should be deemed to come within the inhibition of the constitutional provision against the issuance by any corporation of its bonds, "except for money paid, labor done or property actually received." The note is a negotiable instrument made payable three years after date and bears no interest until after maturity, from which time it draws eight per cent. The interest at six per cent per annum prior to maturity is evidenced by six notes which are like coupons usually attached to bonds.

■ To all practical intents and purposes the effect of this note of the brewery company does not differ from that of a bond and coupons with like terms and taking into consideration the object and effect of the constitutional provision as explained by the Supreme Court of Missouri in Hunter v. Garanflo, 246 Mo. 131, 151 S.W. 741, we hold that the note comes within the intendment of the cited section of the constitution. Haskell v. McClintic-Marshall Co., 9 Cir., 289 F. 405, loc. cit. 412, 413; Ide v. Passumpsic & Conn. Rivers R. Co., 32 Vt. 297, 299; Schoonmaker v. Mitchell's Administrator, 144 Ky. 794, 139 S.W. 968; Marine & R. Phosphate Min. & Manufacturing Co. v. Bradley, 105 U.S. 175, loc. cit. 180, 26 L.Ed. 1034; Ackley School-Dist. v. Hall, 113 U.S. 135, loc. cit. 138-140, 5 S.Ct. 371, 28 L.Ed. 954; New Nueces Hotel Co. v. Weil Bros., Tex.Civ.App., 243 S.W. 731, loc. cit. 733; Courand v. Vollmer, 31 Tex. 397, 400, 401. The appellant bank cites Underhill v. Santa Barbara Land Co., 93 Cal. 300, 28 P. 1049, and Bank of Newman v. Monterey County Gas Co., 48 Cal.App. 263, 191 P. 970, as authority to the contrary, but those cases are not analogous.

■ As we think the issuance of the hundred thousand dollar note secured by deed of trust was forbidden unless for money paid, labor done or property actually received, we are constrained to hold that the consideration of the pre-existing sixty thousand dollar debt of the brewery company to the bank can not support the pledge or give rise to a valid lien in the bank's favor. This court has so held upon exhaustive consideration of the application of the Missouri law to such transactions involving bonds, and as our conclusions do not appear to have been contradicted by the Missouri courts, we adhere to them as correct interpretations of Missouri law. Kemmerer v. St. Louis Blast Furnace Co., 8 Cir., 212 F. 63; Mudge v. Black, Sheridan & Wilson, 8 Cir., 224 F. 919; Central Trust Co. of Illinois v. Southern Oil Corp., 8 Cir., 8 F.2d 338. See Texas & Pacific R. v. Pottorff, 291 U.S. 245, 54 S.Ct. 416, 78 L.Ed. 777.

The appellant cites Slupsky v. Westinghouse Electric & Manufacturing Co., 8 Cir., 78 F.2d 13. That case involved bonds which had been lawfully issued by a Missouri corporation and afterwards reacquired for the express purpose of being pledged to secure a valid indebtedness, and our holding was that Section 8, Article 12, of the constitution did not apply. We distinguished the case from the decisions of this court last above cited, and it is without application to the case at bar.

■ But Section 8, Article 12, of the Missouri constitution does not prohibit the bank from acquiring a lien through the deed of trust and note in question here to the extent of any new money shown to have been actually paid the brewing company in consideration therefor. The Missouri decision applicable to that phase of the transaction was pointed out and quoted in Mississippi Valley Trust Co. v. Railway Steel Spring Co., 8 Cir., 258 F. 346, page 353. See Dibert v. D'Arcy, 248 Mo. 617, 154 S.W. 1116. Although the amount of new money actually paid by the bank was originally $15,000.00, all but $3,000.00 of that new consideration failed because of the mistake as to the extent to which the bank was empowered to loan to the brewery company.

■ The bank, therefore, has in equity a valid lien on the brewery for $3,000.00, Edgar v. Ames, 8 Cir., 255 F. 835; see Metropolitan Life Insurance Co. v. Peterson, 8 Cir., 19 F.2d 88, unless as claimed by the trustee the security was void because it was not issued with the consent of the majority stockholders obtained at a meeting called for the purpose, as provided in Sec. 4546, R.S.Mo.1929, Mo.St. Ann. § 4546, p. 1994. This section has received construction by the Missouri courts and it is settled that the corpora-

tion may not defend on this ground against an obligation for which it has received full consideration where it has been fully informed of the obligation and has long acquiesced in and recognized the same as valid. Chouteau v. Allen, 70 Mo. 290; Common Sense Mining & Mill Co. v. Taylor, 247 Mo. 1, 152 S.W. 5; Josephine Hospital Corp. v. Modoc Realty Co., 307 Mo. 336, 270 S.W. 638.

The courts of the state clearly recognize the distinction between those indebtednesses which the corporation is forbidden to incur and which are unlawful, and those other indebtednesses as to which there has been merely a defective exercise of lawful powers. Common Sense Mining & Mill Co. v. Taylor, 247 Mo. 1, 152 S.W. 5. The deed of trust here in question was promptly recorded in the public office of the recorder the day after its execution and the trustee has not sustained his effort to avoid the lien on this ground.

We have carefully considered the pleadings, evidence and contentions concerning the issuance and sale of trustee's certificates to run the brewery business. The Bankruptcy Act contemplates that the question whether the business of a corporation in reorganization proceedings should be kept going must be determined by the District Court according to the circumstances of the case. Such determination involves the exercise of sound judicial discretion. Upon the facts developed by the testimony in this case, we do not find that there has been an abuse of the court's discretion in the order authorizing trustee's certificates from which the appeals have been taken.

Full consideration has also been given to the complaints against the procedure leading to the adjudications and orders appealed from, but we think the controversies were fairly presented and tried by the trial court.

The order affecting the bank's claim to a lien should be modified to the extent only of awarding a lien on account of the pledged note and deed of trust in the amount of three thousand dollars. Except as so modified, the orders complained of are in all respects

Affirmed.

STONE, Circuit Judge (dissenting in part).

In much of the excellent opinion of Judge WOODROUGH, I entirely concur.

I do not agree that the decree should be modified. I think it should be affirmed without modification. In speaking of the powers of Missouri corporations, the State Constitution declares that "all fictitious increase of * * * indebtedness shall be void" (Art. 12, Sec. 8, Mo.St.Ann.Const. art. 12, § 8). In situations analogous to the one before use, this Court has, in my judgment, held an increase of indebtedness, such as this note for $100,000.00, to be void. Mudge v. Black, Sheridan & Wilson, 8 Cir., 224 F. 919, certiorari denied, 239 U.S. 642, 36 S.Ct. 163, 60 L.Ed. 482, and Kemmerer v. St. Louis Blast Furnace Co., 8 Cir., 212 F. 63—also see Lyon v. Bleeg, 8 Cir., 240 F. 405, certiorari denied, 244 U.S. 660, 37 S.Ct. 745, 61 L.Ed. 1376, which has some analogy.