## In re METALCRAFT CORPORATION.
### No. 9473.

District Court, E. D. Missouri, E. D.

Feb. 1, 1940.

Harry S. Gleick, of St. Louis, Mo., for trustee.

Wilbur B. Jones and Salkey & Jones, all of St. Louis, Mo., for Joseph F. Obernier.

DAVIS, District Judge.

The trustee asks for review of the order of the referee dated November 16, 1939, by which the trustee was ordered to pay to J. F. Obernier the sum of $45,617.73, being the net proceeds of the sale of real estate and machinery of the bankrupt. In addition, Obernier was allowed the sum of $9,542.47 as a general claim. The facts are fully stated in the certificate of the referee.

Preference in the proceeds of said sale was sought by Obernier by reason of a $50,000 deed of trust on the land "together with all buildings, improvements, machinery, fixtures, trade-fixtures, and all other personal property located on premises known and numbered as 5101–5115 Penrose Street in the said City of St. Louis, Missouri. * * *" The deed of trust was executed on April 10, 1937. Loans were made by Obernier to the bankrupt on the security of the deed of trust, $19,000 being advanced on April 12, 1937, and additional sums being advanced for the most part during the next four months, so that at the date of bankruptcy there was due Obernier the total sum of $55,160.20.

The trustee contends that the deed of trust may not be enforced against this property for three reasons: (1) Because the note secured by such deed of trust was in legal effect a bond of the corporation, and was not issued for "money paid, labor done or property actually received", as required by Article XII, sec. 8, of the Missouri Constitution Mo.St.Ann.; (2) because the execution of the note and deed of trust was not authorized by the stockholders, as required by that section; and (3) because the description in the deed of trust was insufficient to constitute an en-

cumbrance on the machinery, which is contended to be personal property.

It is true that the note and deed of trust securing it come within the prohibitions of Article XII, sec. 8 of the Missouri Constitution, and must be issued for the requisite consideration and with the consent of the stockholders. Cass Bank & Trust Co. v. Sheehan, 8 Cir., 97 F.2d 935.

The Cass Bank case, however, is authority for the contention of Obernier that the security in this case was issued for "money paid". The greater part of the loan was made immediately after the execution of the note and security, and practically the entire loan was made within about four months thereafter. Future, as well as present advances are sufficient to satisfy the requirements of the Constitution. In re Paul Delaney Co., D. C., 23 F.2d 737; In re Sharon-Warren Iron & Metal Co., D. C., 7 F.2d 475.

That the issuance of the security was not previously authorized by the stockholders at a meeting called for that purpose may not be set up as a defense in this proceeding. An almost identical situation was presented in the Cass Bank case, supra, and the Court held that "* * * the corporation may not defend on this ground against an obligation for which it has received full consideration where it has been fully informed of the obligation and has long acquiesced in and recognized the same as valid." [97 F.2d 939.]

On the question as to the sufficiency of the description of the machinery in the deed of trust, it has been suggested that such machinery constituted fixtures, and was therefore included in the description of the real estate. It is not necessary to determine this question, for the description was adequate to cover the machinery whether it be considered real or personal property. State ex rel. Cochran v. Cooper, 79 Mo. 464; Evans-Snyder-Buell Co. v. Turner, 143 Mo. 638, 45 S.W. 654; Norwalk Iron Works Co. v. St. Louis County Bank, 165 Mo.App. 67, 145 S.W. 866, St. Louis Court of Appeals; Williams v. W. W. Kimball Co., 188 Mo.App. 646, 176 S.W. 478, Kansas City Court of Appeals.

The findings of the referee are hereby adopted by the Court, and the trustee's petition for review of referee's order of November 16, 1939, will be denied and overruled. An order accordingly is being entered.