Hillsborough, } No. 3605.
Dec. 3, 1946. }

ALICE R. KEMP, *Ex'x v.* JOSEPH DOWLING *& a.*

*Robert E. Earley*, for Joseph Dowling, filed no brief.

*John D. Wilcox*, for Robert Kemp and Richard Kemp.

*Edward J. Lampron*, for Alice R. Kemp.

JOHNSTON, J. The ordinary meaning of the words "money I have" is money in possession or on deposit subject to check. "A bequest of 'money' *prima facie* passes such money as was in testator's possession at the time of his death, or is on deposit in bank subject to check." 3 Page, Wills (lifetime *ed.*), s. 974, *p.* 59. A similar statement of the general rule is found in 93 A. L. R. 515.

In accordance with such interpretation it was decided in *Hancock* v. *Lyon*, 67 N. H. 216, that by the phrases, "money on hand" and "money remaining at my decease," the testatrix did not mean "money invested or deposited at interest in a savings bank at a distance, and from which it could be drawn only at certain times and under certain conditions prescribed by the rules of the bank."

It is true that a different meaning of the words under consideration may be and frequently is shown by the context of the will and by the surrounding circumstances. Where this is true, the intention of the testator should prevail. In *Jenkins* v. *Fowler*, 63 N. H. 244, the court held that by the words "all my moneys after paying all my just debts," the testator intended to bequeath deposits in a savings-bank and railroad stock. From the will it appeared that these items were not specifically given and that there was no residuary clause. It was a fact that unless the quoted words were construed as the court did there was insufficient money to satisfy certain bequests.

In the present case it is not disputed that the legatees named in clause "third" are entitled to the money on deposit in the Nashua Trust Company. From the facts it appears that this bequest could not be satisfied except from this account.

There is nothing in the will or the surrounding circumstances from which it could be inferred that the testatrix meant to include in the phrase, "money I have" the proceeds of the policy on the life of Robert Dowling. The court has found that she did not know of such a policy at the time she made her will and at the time of her decease. Furthermore, not until three years after her death was the situation investigated by the insurer, the United States Government; and not until after such action was the interest of the estate of Mary Sullivan recognized. The gift of "money I have" can be paid with the funds on deposit.

In *Mutual Life Insurance Company of New York* v. *Spohn*, 172 Ky. 90, it was held that the clause, "what money I have in bank," was not broad enough to include a vested interest in a life insurance policy. The proceeds of the policy on the life of Robert Dowling belong to Alice Kemp under either the fourth or the fifth clause. It is unnecessary to decide which.

In the absence of evidence of a purpose of intestacy, it is to be presumed that the testatrix intended all her estate to pass by her will. *Clyde* v. *Lake*, 78 N. H. 322.

*Case discharged.*

All concurred.