**PIMPEL v. PIMPEL et al.**

Court of Appeals of Kentucky.

Dec. 19, 1952.

Harry F. Malone, Louisville, for appellant.

Ben F. Washer, James M. Cuneo, Louisville, for appellee.

DUNCAN, Justice.

This declaratory judgment action involves a construction of the last will and testament of Lorena Pimpel, which is here quoted:

> "June 23, 1950
> "I Lorena Pimpel leave my house and furniture to my Brother Edward. Bonds to Billy and Betty Pimpel. Money in bank to Gertude Ohl and Henry Pimpel.
> "Lorena Pimpel"

Billy and Betty Pimpel are children of Edward Pimpel. Gertrude Ohl was a sister, and Edward and Henry Pimpel are brothers of the testatrix. Gertrude Ohl died prior to the death of Lorena Pimpel, leaving no descendants or issue surviving, and the property jointly devised to Gertude Ohl and Henry Pimpel passed to the latter under the provisions of KRS 394.410.

In addition to the house and furniture devised to Edward Pimpel, the testatrix left personal property consisting of Series "E" and "G" U. S. Savings Bonds of the value of $8,182.75; savings accounts in the First National Bank, of Louisville, in the amount of $1,004.75, and in the Liberty

National Bank and Trust Company, of Louisville, amounting to $150.50; and five certificates of deposit issued by the U. S. Postal Savings System in the amount of $500 each. There were other items of personal property not material to this controversy.

The only question presented here is what disposition, if any, was made by the will with reference to the U. S. Postal certificates. If properly classified as "money in the bank," then Henry Pimpel is entitled to their proceeds. Or if "bonds" can be deemed to include such certificates, they pass to Billy and Betty Pimpel under the second sentence of the will. If not coming within either classification, they pass as intestate property under the laws of descent and distribution. The Chancellor adopted the view that the certificates were bonds, and Henry Pimpel has appealed.

It may be noted at the outset that the Postal certificates are dated April 1, 1951, which is some nine months following the execution of the will. The record does not disclose the source of the funds invested in the certificates. When the will was written, that money could have been in the bank, in bonds, in both, or in neither.

We are not impressed with the argument that the certificates should be considered as money in the bank. Although the certificates represent a deposit, they do not in any sense represent a deposit in a bank. Life insurance companies, for example, may and often do accept proceeds of matured policies for deposit, but in doing so, cannot be classified as banks. In the case of Mutual Life Ins. Co. of New York v. Spohn, 172 Ky. 90, 188 S.W. 1078, it was held that a clause in the will devising money in the bank was not broad enough to include the proceeds of a life insurance policy. In Rowe v. Davis, 138 N.J.Eq. 122, 47 A.2d 36, it was held that money in a safety deposit box in a trust company did not pass under a devise of money in banks. In the case of In re Bush's Estate, Sur., 39 N.Y.S.2d 633, 635, "cash on hand or on deposit in banks" was held not to include income shares of a building and loan association although such shares represented deposits.

We have no difficulty in concluding that the certificates did not pass under the devise of money in bank.

In determining that the certificates might be properly classified as "bonds," the lower court relied on the case of Schoonmaker v. Mitchell's Adm'r, 144 Ky. 794, 139 S.W. 968. In that case, the court, in determining that promissory notes might be classified as bonds, cited the case of Ide v. Passumpsic & C. Railroad Company, 32 Vt. 297, in which the Vermont Court held the term "bond" imported the substantive action expressed by the verb "to bind." It was, therefore, reasoned that if one is bound he is in bond or under bond and that the term "bond" expresses nothing more than a binding contract.

If we should adhere to that definition, every binding contract might be termed a bond. We cannot agree with such a sweeping definition, and we are sure that an ordinary layman in the preparation of a will did not contemplate the highly technical construction which was there applied.

We recognize a primary rule of construction to be that in construing wills every reasonable presumption will be indulged against partial intestacy. The rule rests upon the theory that a testator who by his will indicates an intention to make a disposition of his estate may ordinarily be presumed to intend a complete disposition. But the presumption cannot be applied to supply a disposition which was not made or intended. The presumption vanishes when the fact becomes apparent that some part of the estate was not disposed of. Robinson v. Von Spreckelsen, 287 Ky. 705, 155 S.W.2d 30.

It is the view of this Court that the Postal Savings certificates cannot be said to fall within either the classification of bonds or money in the bank as these terms are used in the will, and that such certificates passed under the laws of descent and distribution.

The judgment is reversed for the entry of one in conformity with this opinion.